PETER SZANTO 949 887 2369
# 11 Shore Pine Dr.
Newport Beach CA 92657


FILED
MAY 0 9 2013
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# United States Bankruptcy Court
Central District of California
Santa Ana Division – 411 West –4th St., Santa Ana, CA 92701

| | |
|---|---|
| Peter Szanto,<br><br>plaintiff, debtor<br><br>v.<br><br>Victor Alexander Szanto,<br><br>Anthony Szanto<br><br>defendants | Adversarial Proceeding<br><br>#_____<br><br>Core Proceeding # 8:13-bk-11148-CB<br><br>Complaint for Damages<br><br>**++ JURY TRIAL IS REQUESTED ++** |

1. Peter Szanto, plaintiff and debtor, is a natural person over 18 years of age who has sought relief under Title 11 of the United States Code before this Court.
2. Victor Alexander Szanto and Anthony Szanto, defendants, are alleged to control approximately $3,200,000.00 money, property and other assets which either belong to plaintiff, or which are the corpus of various trusts of which plaintiff is trustee. [hereafter ASSETS]
3. Those various ASSETS are enumerated on Schedule B, Line #20 of plaintiffs

13-bk-11148          Complaint Fraudulent Conveyance - 2013- pg. 1

ORIGINAL

Chapter 13 filing.

4. Defendants continuing concealment of said ASSETS and deprivation from plaintiff's free and unfettered use, are the reasons plaintiff was forced to seek bankruptcy relief.

5. Victor Alexander Szanto and Anthony Szanto are natural persons over 18 years of age.

6. Victor Alexander Szanto and Anthony Szanto, along with plaintiff are trustees of various family trusts.

7. Victor Alexander Szanto and Anthony Szanto are sued herein both individually and in their capacities as trustees of various Szanto family trusts.

8. Victor Alexander Szanto and Anthony Szanto have on-going business activities in California.

9. Plaintiff has previously submitted to the jurisdiction of this Court in the core bankruptcy proceeding.

10. Victor Alexander Szanto and Anthony Szanto are within the jurisdiction of this Court, because their actions relating to facts which Victor Alexander Szanto and Anthony Szanto fraudulently concealed and assets which Victor Alexander Szanto and Anthony Szanto fraudulently transferred occurred in California.

11. Since 2011 defendants have engaged in a campaign of deception, concealment and subterfuge so as to transfer ASSETS beyond the reach of California's court such that relief for plaintiff would become impaired or impossible.

12. All conditions precedent to the commencement of this action have occurred.

13. Thereon plaintiff asks for relief as follows.

## FIRST CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT

14. Plaintiff contends that the defendants have concealed and suppressed material facts relating to ASSETS.

15. Plaintiff contends that the defendants were and are under a duty to disclose facts

relating to ASSETS to the plaintiff, because the parties are all trustees of ASSETS and because certain assets belonging exclusively to plaintiff have become impermissibly commingled with ASSETS.

16. Plaintiff contends that the defendants have intentionally concealed and suppressed material facts relating to ASSETS with the intention to defraud the plaintiff and to make plaintiffs property and ASSETS their own.

17. The plaintiff was unaware until recently of the facts and would not have delayed action to protect his rights and property if he had known of the concealed and suppressed facts.

18. As a result of the concealment and suppression of material facts, plaintiff has sustained damages by the loss of possession, use and enjoyment of property which belongs to him.

19. Thereon, plaintiff asks this Court to order return and restoration of plaintiff's assets or the payment of $3,200,000.00 in recompense for those ASSETS.

## SECOND CAUSE OF ACTION FOR FRAUDULENT CONVEYANCE

20. Plaintiff contends that the defendants have impermissibly conveyed and transferred ASSETS with the intent to hinder, delay and defraud the plaintiff in collection, possession, use, enjoyment and dominion over ASSETS which are rightfully his or over which plaintiff is charged with the duty to exercise trustee powers.

21. Plaintiff contends that any and all conveyance or transfer of ASSETS is void.

22. Plaintiff asks this Court forthwith to establish a constructive trust over ASSETS so that they may be marshaled under the power of this Court for proper distribution between the parties.

## THIRD CAUSE OF ACTION FOR FRAUD

23. From the time that the parties dispute began, defendants have continually promised, personally and through counsel, that they would deliver ASSETS as required by various testamentary agreements.
24. As a matter of fact, defendants and their counsels' representations were false and defendants have still not performed as promised or as required by various agreements.
25. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, has no intention to perform.
26. Plaintiff relied on the representations by defendants and would have perfected this complaint in prosecution of this matter sooner had he been aware of the truth of the facts.
27. Plaintiff has been injured by loss of use of the funds and ASSETS, loss of reputation and an inability to continue making payments to other of his creditors.
28. Plaintiff seeks compensatory damages in the amount of $75,000 for defendant's deceptive actions.

## PETITION for PUNITIVE DAMAGES

29. Defendants are extremely wealthy men who are engaged in fraudulent acts described herein against defendant, their older brother, because of perceived slights when the parties were children.
30. As facts will show, there is no limitation to defendants' bad acts against plaintiff.
31. Here, plaintiff contends that in the present circumstances defendants actions were malicious, fraudulent and oppressive, justifying an award of punitive damages so that defendants will not engage in such deceptive conduct in the future.
32. Likewise, a punitive award will serve to make an example of defendants.

WHEREFORE PLAINTIFF PRAYS for judgment against defendants.

In addition to the relief above, plaintiff requests:

1. Costs of this action.
2. For reasonable attorneys' fees as allowed by law.
3. For such other and further relief as the court may deem just and proper.

DATED May 9, 2013    _____ Peter Szanto

## Proof of Service By Mail

My name is Alyce Jurgens I am over 18 years of age and not a party to the within action. My business address is P.O. Box 10451, Newport Beach CA 92658. On May 7, 2013, I personally placed into envelopes copies of debtor's Complaint.

I sealed those envelopes and affixed thereon sufficient first class postage to assure delivery and addressed those envelopes as:

1. United States Trustee
   411 West Fourth Street, Suite 9041
   Santa Ana, CA 92701

2. Chase
   P.O. Box 78420
   Phoenix AZ 85062

3. Bank of America
   P O Box 650225
   Dallas, TX 75265

4. Aronowitz & Mecklenburg
   Sage Point Lender Services
   34 Executive Park   Suite 100
   Irvine, CA 92614

5. Internal Revenue Service
   P.O. Box 7346
   Philadelphia, PA 19101

6. Amrane Cohen, Chapter 13 Trustee
   770 The City Drive South
   Suite 8500
   Orange, CA 92868

13-bk-11148                Complaint Fraudulent Conveyance - 2013- pg. 5

| 7. Asset Acceptance<br>P.O. Box 2036<br>Warren, MI 48090 | 8. Oak Harbor Capital<br>2001 Western Ave # 400<br>Seattle, WA 98121 | 9. US Bank<br>P O Box 5229<br>Cincinnati OHIO 45201 |
|---|---|---|
| 10. Discover Bank<br>P O Box 3025<br>New Albany OHIO 43054 | 11. Keystone Recovery<br>2001 Western Ave # 400<br>Seattle, WA 98121 | 12. Prober and Raphael<br>P O Box 4365<br>Woodland Hills CA 91365 |
| 13. Sprint Nextel<br>P O Box 7949<br>Overland Park KS 66207 | | 14. Santa Lucia Community Assoc.<br>1 Polaris Way #100<br>Aliso Viejo CA 92656 |

I then placed said envelopes into the United States mail.
Said mailing was accomplished in Orange County CA, where I am employed.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

May 9, 2013_____ Alyce Jurgens

FORM B104 (08/07)                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Peter Szanto | **DEFENDANTS** <br> Victor Alexander Szanto, Anthony Szanto |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Peter Szanto 949 887 2369 <br> # 11 Shore Pine Drive <br> Newport Beach CA 92657 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☑ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Fraudulent concealment, fraudulent conveyance.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ **①** 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☒ **②** 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 3,200,000.00 |
| **Other Relief Sought** <br> Compensation for fraudulent actions of defendants. Punitve damages. | RECEIVED <br> MAY 09 2013 <br> CLERK U.S. BANKRUPTCY COURT <br> CENTRAL DISTRICT OF CALIFORNIA <br> BY _____ Deputy Clerk |

ORIGINAL

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Peter Szanto | **BANKRUPTCY CASE NO.** <br> 11-BK-11148 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Hon. Judge Bauer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE** <br> 5-9-13 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Peter Szanto | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.